SEALED

2013 AUG 28

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA

VICTIM CASE

JOHN S. LEONARDO
United States Attorney
District of Arizona
KAREN E. ROLLEY
ARTURO A. AGUILAR
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: karen.rolley@usdoj.gov
arturo.aguilar@usdoj.gov
Attorneys for Plaintiff

CKS(CRP)

CR13-1493 TUC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Marques West,<br>aka "Marcus," "Chi," "Chicago,"<br>(Counts 1-3)<br><br>Champaign Ann Leshay Wells<br>aka "Nadia," "Nadia Redd"<br>(Counts 1, 2, and 4-7)<br><br>Defendants. | I N D I C T M E N T<br><br>Violations:<br>18 U.S.C. §1594 (c)<br>(Conspiracy to Commit Sex Trafficking of Minor or by Force, Fraud or Coercion)<br>Count 1<br><br>18 U.S.C. § 1591(a)(1), (a)(2),(b)(1), (b)(2) and §2<br>(Sex Trafficking of a Minor or by Force, Fraud or Coercion)<br>Count 2<br><br>18 U.S.C. § 2423(a)<br>(Transportation of Minor to Engage in Prostitution)<br>Count 3<br><br>18 U.S.C.§2252(a)(2) and (b)(1)<br>(Distribution of Child Pornography)<br>Counts 4, 5<br><br>18 U.S.C. §2252A(a)(5)(B) and (b)(2)<br>(Possession of Child Pornography)<br>Counts 6, 7<br><br>**(UNDER SEAL)** |

**THE GRAND JURY CHARGES:**

**COUNT 1**

**Conspiracy to Commit Sex Trafficking of Minor or by Force, Fraud or Coercion**

At all times material to this Indictment, all dates being approximate and inclusive:

**Introduction**

1. Defendant MARQUES WEST (hereinafter "WEST"), was an individual who was a resident of Arizona and was born in 1983.

2. Defendant CHAMPAIGN ANN LESHAY WELLS (hereinafter "WELLS"), was an individual who was a resident of Arizona and was born in 1992.

3. P.B. was a victim of the crimes alleged herein. At all times during the crimes alleged herein, P.B. was under the age of 18 years and born in 1995.

**The Conspiracy**

Beginning on at least January 14, 2013 and continuing through on or about January 29, 2013, in Tucson, the District of Arizona, and elsewhere, the defendants, WEST and WELLS, and others both known and unknown to the grand jury, did knowingly in and affecting interstate commerce, unlawfully combine, conspire, confederate and agree together and with each other to commit an offense against the United States, namely, to recruit, entice, harbor, transport, provide, obtain, or maintain by any means a person, namely P.B., or to knowingly benefit financially or by receiving anything of value from participation in a venture that knowingly recruited, enticed, harbored, transported, provided, obtained or maintained by any means a person, namely P.B., knowing, or in reckless disregard for the fact that means of force, fraud or coercion would be used to cause P.B. to engage in a commercial sex act or that P.B. had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, sections 1591(a)(1), (a)(2), (b)(1), (b)(2) and 1594(c);

**Goals of the Conspiracy**

4. It was a goal of the conspiracy that WEST and WELLS would obtain a female to perform sex acts with others in exchange for money ("commercial sex acts") with the proceeds of the commercial sex acts going to WEST and WELLS.

**Manner and Means of the Conspiracy**

5. It was part of the conspiracy that WEST and WELLS advertised on the internet, including the "Tucson escorts" section of backpage.com, where WEST and WELLS edited and posted, photographs and advertisements of P.B. and WELLS. WEST and WELLS used the service of backpage.com to promote illegal prostitution, wherein WEST and WELLS provided P.B. for commercial sex acts. WEST and WELLS conducted this operation out of motels in Tucson, Arizona and elsewhere.

6. It was further part of the conspiracy that WELLS and others, both known and unknown to the Grand Jury, photographed P.B., who was used by WEST and WELLS to promote illegal prostitution.

a. WELLS and others, both known and unknown to the Grand Jury, used electronic devices, such as cell phones and a tablet, to photograph P.B., in motels in Tucson, Arizona, and places elsewhere.

b. For some of these photographs, WELLS instructed P.B. to wear revealing women's clothing and for other photographs, WELLS photographed P.B. without clothing.

c. WELLS or WEST would upload photographs of P.B., and/or post these photographs on backpage.com as part of the advertisement for sexual or erotic services. Not all photographs taken by WELLS were posted to the internet.

d. WELLS or WEST edited the photographs of WELLS and/or P.B., which were used in advertisements for sexual or erotic services.

7. WEST and WELLS used force, fraud, or coercion, as set forth in paragraphs 8 and 9, to cause the P.B. to:

a. Engage in the commercial sex act; and

b. Turn over the proceeds of the commercial sex act to WEST and WELLS.

8. It was a further part of the conspiracy that WELLS provided P.B. with illegal drugs, including methamphetamine, to keep P.B. compliant so that P.B. would perform commercial sex acts.

9. It was further part of the conspiracy that WEST and WELLS used the promise of helping P.B. travel back to her home in Texas as a method to convince P.B. to stay with them in the motel rooms that they obtained and to control P.B. to engage in commercial sex acts.

10. It was a further part of the conspiracy that WELLS negotiated the fees for commercial sex acts.

11. It was further part of the conspiracy that WEST and WELLS and others, both known and unknown to the Grand Jury, provided clothing, accessories, food and shelter to P.B. in exchange for the performance of commercial sex acts.

12. It was further part of conspiracy that WEST and WELLS used an automobile, public highways, motels, telephones, a tablet, and the internet to facilitate the commercial sex acts with P.B.

**Overt Acts**

13. In furtherance of the conspiracy and to effect the objects thereof, WEST and WELLS and others, both known and unknown to the Grand Jury, committed the following overt acts in the District of Arizona and elsewhere:

a. On or about January 14, 2013 through on or about January 29, 2013, WELLS and others, both known and unknown to the Grand Jury, took photographs, using various electronic devices, of P.B. in sexually suggestive and sexually explicit poses. WELLS coached P.B. on how to pose for the photographs.

b. On or about January 14, 2013 through on or about January 29, 2013, WELLS and WEST and others, both known and unknown to the Grand Jury, used electronic devices to post photographs of P.B. on the "escort" section of backpage.com, an online advertising website.

c. On or about January 20, 2013, WEST transported P.B., a minor, from El Paso, Texas to Tucson, Arizona, with the intent that P.B. engage in commercial sex acts in Tucson, Arizona.

d. On or about January 20, 2013 through on or about January 29, 2013, WELLS and WEST rented rooms at various motels in Tucson, Arizona, to harbor P.B. and to use for P.B. to engage in commercial sex acts.

e. On or about January 25, 2013 through January 29, 2013, WEST and WELLS and others, known and unknown to the Grand Jury, rented rooms at the Red Roof Inn in Tucson, Arizona, for P.B. to use to engage in commercial sex acts.

f. On or about January 22, 2013 through January 27, 2013, with use of electronic devices, WELLS distributed visual depictions of P.B. engaged in sexually suggestive poses and sexually explicit conduct to potential customers of commercial sex acts.

g. On January 29, 2013, WELLS and WEST, and others known and unknown to the Grand Jury, posted an advertisement to the "Tucson escorts" section of backpage.com, listing WEST'S telephone number as the number to contact for sexual services.

h. On January 29, 2013, WELLS, and others known and unknown to the Grand Jury, arranged for P.B., to meet an adult male who paid WELLS and P.B. $200 in exchange for promised commercial sex acts with WELLS and P.B. This male was an undercover police officer.

i. On January 29, 2013, WEST parked in a car in the parking lot of the Red Roof Inn, on E. Irvington Road in Tucson, Arizona and served as security by monitoring the activity to and from the motel room in which WELLS and P.B. were to engage in commercial sex acts.

j. On January 29, 2013, WELLS and WEST each retained $100 of the $200 paid by the undercover police officer in exchange for anticipated commercial sex acts with WELLS and P.B.

All in violation of Title 18, United States Code, sections 1594 (c).

**COUNT 2**

**Sex Trafficking of Minor or by Force, Fraud or Coercion**

From on or about January 20, 2013, through on or about January 29, 2013, in Tucson, in the District of Arizona, and elsewhere, the defendants, MARQUES WEST and CHAMPAIGN ANN LESHAY WELLS, aiding and abetting one another, in and affecting interstate commerce, did knowingly recruit, entice, harbor, transport, provide, obtain or maintain by any means P.B., or did benefit, financially and by receiving anything of value, from participation in a venture that had recruited, enticed, harbored, transported, provided, obtained, or maintained by any means P.B., knowing that force, fraud, or coercion would be used to cause P.B. to engage in a commercial sex act, or that P.B. was under the age of 18 and would be caused to engage in a commercial sex act.

All in violation of Title 18, United States Code, sections 1591(a)(1), (a)(2), (b)(1), (b)(2), and §2.

**COUNT 3**

**Transportation of Minor to Engage in Prostitution**

On or about January 20, 2013 at or near Tucson, in the District of Arizona and elsewhere, MARQUES WEST did knowingly transport P. B., an individual who had not attained the age of 18 years, in interstate commerce, from the State of Texas to the State of Arizona, with the intent that P.B. engage in prostitution or other sexual activity for which a person could be charged with a criminal offense.

All in violation of Title 18, United States Code, Section 2423(a).

**COUNT 4**

**Distribution of Child Pornography**

On or about January 25, 2013 and January 27, 2013, in Tucson, in the District of Arizona, CHAMPAIGN ANN LESHAY WELLS, using any means or facility of interstate or foreign commerce, did knowingly distribute, child pornography, that is visual depictions, the production of which involved the use of minor, P.B. engaging in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and which depicted such conduct, which had been transported in interstate or foreign commerce by means of electronic device or cell phone, to wit: "ALCATEL MUVEMUSIC OT-990 One Touch" cell phone, including but not limited to the following files: IMG_20130119_041603.jpg.

All in violation of Title 18 United States Code Sections 2252(a)(2) and (b)(1).

**COUNT 5**

**Distribution of Child Pornography**

On or about January 22 through on or about January 25, 2013, in Tucson, in the District of Arizona, CHAMPAIGN ANN LESHAY WELLS, using any means or facility of interstate or foreign commerce, did knowingly distribute, child pornography, that is visual depictions, the production of which involved the use of minor female, P.G. engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and which depicted such conduct, which had been transported in interstate or foreign commerce by means of electronic device or cell phone, to wit: "SAMSUNG MODEL SGH-T989 Galaxy S II" cell phone, including but not limited to the following files:IMG_20130119_041603-1.jpg;IMG_20130119_041603.jpg; PICSART_1358604307864.jpg.

All in violation of Title 18 United States Code Sections 2252(a)(2) and (b)(1).

**COUNT 6**

**Posession of Child Pornography**

On January 20, 2013 through on or about January 29, 2013, in Tucson in the District of Arizona, CHAMPAIGN ANN LESHAY WELLS did knowingly possess child pornography, that is visual depictions, the production of which involved the use of minor female engaging in sexually explicit conduct, as defined in Title 18 USC 2256(2), and which depicted such conduct, that had been mailed, shipped and transported in interstate and foreign commerce by any means including a cell phone, which was produced using materials which had been mailed, and shipped and transported in interstate and foreign

commerce; that is, CHAMPAIGN ANN LEHSAY WELLS knowingly possessed on an "SAMSUNG MODEL SGH-T989 Galaxy S II" cell phone, images of child pornography including but not limited to the following files: IMG_20130119_041603-1.jpg; IMG_20130119_041603.jpg; PICSART_1358604307864.jpg.

All in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

**COUNT 7**

**Posession of Child Pornography**

On January 20, 2013 through on or about January 29, 2013, in Tucson in the District of Arizona, CHAMPAIGN ANN LESHAY WELLS did knowingly possess child pornography, that is visual depictions, the production of which involved the use of minor female engaging in sexually explicit conduct, as defined in Title 18 USC 2256(2), and which depicted such conduct, that had been mailed, shipped and transported in interstate and foreign commerce by any means including a cell phone, which was produced using materials which had been mailed, and shipped and transported in interstate and foreign commerce; that is, CHAMPAIGN ANN LESHAY WELLS knowingly possessed on an "ALCATEL MUVEMUSIC OT-990 One Touch" cell phone, images of child pornography including but not limited to the following files: IMG_20130119_041603.

All in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

A TRUE BILL

/s/

Presiding Juror

JOHN S. LEONARDO
United States Attorney
District of Arizona

/s/

Assistant U.S. Attorney

AUG 28 2013

REDACTED FOR
PUBLIC DISCLOSURE