JOHN S. LEONARDO
United States Attorney
District of Arizona
KAREN E. ROLLEY
ARTURO A. AGUILAR
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: karen.rolley@usdoj.gov
arturo.aguilar@usdoj.gov
Attorneys for Plaintiff

```
              FILED        LODGED
              RECEIVED     COPY

              MAR 1 2 2014

              CLERK U S DISTRICT COURT
                DISTRICT OF ARIZONA
              BY                   DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Champaign Ann Leshay Wells,<br><br>Defendant. | CR 13-01493-TUC-CKJ (CRP)<br><br>PLEA AGREEMENT |

The United States of America and the defendant agree to the following disposition of this matter:

### PLEA

1. The defendant agrees to plead guilty to an Information, which charges the defendant with a felony violation of 18 U.S.C. §§ 1589(a) and 2, Providing or Obtaining Forced Labor. The Counts in the Indictment relating to the defendant will be dismissed at sentencing.

### Elements of the Offense

2. The elements of the offense are as follows:

   a. The defendant knowingly provided or obtained labor services of another person;

      b.    The defendant did so by a scheme, plan or pattern intended to cause that person to believe, that, if he/she did not perform such labor or services, that he/she or another would suffer serious harm or physical restraint.

## Maximum Penalties

3. The defendant understands that the maximum penalties for the offense to which she is pleading are a fine of not more than $250,000, a term of not more than 20 years imprisonment, or both, and a term of not more than 5 years supervised release.

4. The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

5. Pursuant to 18 U.S.C. § 3013, the defendant shall pay a special assessment of $100.00 per felony count. The special assessment is due and payable at the time the defendant enters the plea of guilty, but in no event shall be paid later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

## Immigration Consequences

6. The defendant recognizes that pleading guilty may have consequences with respect to her immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

## STIPULATIONS, TERMS AND AGREEMENTS

### Agreements Regarding Sentencing

7. **Guideline Calculations:** Although the parties understand that the Guidelines are only advisory and just one of the facts the Court will consider under Title 18 United States Code, Section 3553(a) in imposing a sentence, pursuant to Rule 11(c)(1)(C), the government and the defendant stipulate and agree the following guideline calculations are appropriate for the charge for which the defendant is pleading guilty:

```
Based Offense Level    (§2H4.1)                    22
Special Characteristics (§2H4.1(b)(4)(A))          +2
(felony offense committed during commission)
Acceptance of Responsibility                       - 3
Adjusted Offense Level                             21
```

8. **Sentencing Range:** Pursuant to Fed. R. Crim. P. Rule 11 (c)(1)(C) the government and the defendant stipulate and agree to a sentence of **37 to 46** months if the defendant is in the criminal history category I or **41 to 51** months imprisonment if the defendant is in the criminal history category II.

9. The defendant may withdraw from the plea agreement if she receives a sentence in excess of 51 months imprisonment.

10. If the defendant argues for a variance under 18 § 3553(a) in support of a sentence request below the stipulated range in this agreement, the government may oppose the requests for variance. The government, however, will not withdraw from the agreement if the defendant argues for and the Court grants, a variance below the stipulated range in this agreement.

11. The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the

defendant may be required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

12.  <u>Restitution</u>:  For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to Title 18, Section 16.[1] Therefore, under Title 18 Sections 3663A (a) (1), (C) (1) (A) (I) and 3771(6), the victim, P.B., is entitled to mandatory restitution, and the PSR should include an assessment regarding restitution. The restitution could include any medical bills accrued, as well as counseling costs directly related to the incident, if any such costs exist.  Further, the victim of a crime of violence should be characterized as a victim in the PSR and the PSR should also include a victim impact statement, if she is willing to make one.  Lastly, victim P.B. should be allowed to attend any hearings held pertaining to this matter and address the Court at the sentencing of this matter, if she desires to do so, pursuant to Title 18 Section 3771. The defendant shall not have contact, in person, or telephonic, or electronic, or in writing with the victim or her family members.

13.  The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

14.  The defendant understands and agrees to cooperate fully with the United States Probation Office in providing (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

---

[1] A crime of violence is defined as "(a) an offense that has an element the use, attempted use or threatened use of physical force against the person or property of another; or (b) any other offense that is a felony that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

15. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Fed. R. Crim. P. 11(c) (5), giving the defendant, in accordance with Fed. R. Crim. P. 11(d) (2) (A), an opportunity to withdraw her guilty plea.

### Forfeiture

16. Nothing in this plea agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings a may be appropriate now or in the future.

### Waiver of Defenses and Appeal Rights

17. The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The sentence is in accordance with this agreement if the sentence imposed is within the stipulated range or below the stipulated range if the Court grants a variance. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be

remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

18. If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

## Plea Addendum

19. This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS
### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other right with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any Sentencing Guidelines range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

### Factual Basis and Relevant Conduct

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove the elements of the offense beyond a reasonable doubt:

> Beginning on or at least January 14, 2013 and continuing through on or about January 29, 2013 in Tucson in the District of Arizona and elsewhere, I, Champaign Leshay Wells, along with another, did knowingly provide and obtain the labor and services of P.B. I provided and obtained the labor and services of P.B. by means of a scheme, plan, and pattern, to wit: causing P. B. to believe that I would assist P. B. in her efforts to travel back to her home in Texas or to Louisiana. P.B. was also falsely lead to believe that the money she made working would be given to her. I assisted in providing P.B. with drugs in order to make her compliant. I benefitted from P.B.'s labor and services. I received clothing and manicures that were purchased with money received from P.B.'s labor and services. P.B. was

caused to believe that if she did not perform these labor and services, she would suffer serious harm: that is, she would not be able to travel back to her home in Texas or to Louisiana. Instead, she would be abandoned in a location where she had no family, friends or place to live, in violation of Title 18 United States Code Sections 1589(a) and 2.

Mar 12, 2014
Date

CHAMPAIGN ANN LESHAY WELLS
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

3/12/14
Date

HARRIETTE P. LEVITT
Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

JOHN S. LEONARDO
United States Attorney
District of Arizona

3/12/14
Date

*[signature]*
Assistant U.S. Attorney