JOHN S. LEONARDO
United States Attorney
District of Arizona
KAREN E. ROLLEY
ARTURO A. AGUILAR
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email:  karen.rolley@usdoj.gov
arturo.aguilar@usdoj.gov

FILED ___ LODGED
RECEIVED ___ COPY

APR 17 2014

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 13-01493-CKJ (CRP) |
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| MARQUES WEST, | |
| Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

## PLEA

1.      The defendant agrees to plead guilty to Count 3 of an Indictment, which charges the defendant with a felony violation of 18 U.S.C. § 2423(a), Transportation of a Minor to With Intent to Engage in Prostitution.  The remaining Counts of the Indictment will be dismissed at Sentencing.

## Elements of the Offense

2.      The elements of the offense are as follows:

a.      The defendant knowingly transported a person, who had not attained the age of 18 years;

b.      in interstate or foreign commerce;

c.      with the intent that the person engage in prostitution.

## Maximum Penalties

3.    The defendant understands that the maximum penalties for the offense to which he is pleading are a fine of not more than $250,000, a term of not less than 10 years imprisonment or for life, and a term of not less than 5 years supervised release or life.

4.    The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

5.    Pursuant to 18 U.S.C. § 3013, the defendant shall pay a special assessment of $100.00 per felony count.  The special assessment is due and payable at the time the defendant enters the plea of guilty, but in no event shall be paid later than the time of sentencing unless the defendant is indigent.  If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

## Immigration Consequences

6.    The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

## STIPULATIONS, TERMS AND AGREEMENTS

### Agreements Regarding Sentencing

-2-

7.     Guideline Calculations:     Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under Title 18 United States Code, Section 3553(a) in imposing a sentence, pursuant to Rule 11(c) (1) (C), the government and the defendant stipulate and agree the following guideline calculations are appropriate for the charge for which the defendant is pleading guilty:

| | |
|---|---|
| Based Offense Level (§2G1.3): | 28 |
| Special Offense Characteristics: | |
| (Unduly influence of minor to engage in conduct §§ 2G1.3 (b)(2)(B), comment (n.3(B)) | +2 |
| (Use of computer/interactive device §2G1.3(b)(3)) | +2 |
| (Offense involved commission of sex act §2G1.3(b)(4)(A)) | +2 |
| Acceptance of Responsibility | -3 |
| Adjusted Offense Level | 31 |

8.     Sentencing Range:     Pursuant to Fed. R. Crim. P. Rule 11 (c) (1)(C)the government and the defendant stipulate and agree to a sentence of 144-216 months imprisonment is an appropriate disposition of this case.

The parties agree that this sentencing range reflects a potential upward departure or variance from the guideline range applicable to the Transportation of Minor Count and is consideration for the government dismissing the remaining Counts in the Indictment, specifically Count 2, Sex Trafficking of a Minor by Force, Fraud or Coercion.  Count 2 reflects a base offense level of 34 and carries a statutory mandatory minimum term of 15 years imprisonment for an offender listed in category criminal history I.     The parties also agree that the defendant's criminal history computation is criminal history category II.

9.     The defendant may withdraw from the plea agreement if he receives a sentence in excess of 216 months imprisonment.

- 3 -

10.     If the defendant argues for a variance under 18 § 3553(a) in support of a sentence request below the stipulated range in this agreement, the government may oppose the requests for variance. The government may also withdraw from the agreement if the defendant argues for and the Court grants, a variance below the stipulated range in this agreement.

11.     For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to Title 18, Section 16.[1] Therefore, under Title 18 Sections 3663A (a) (1), (C) (1) (A) (I) and 3771(6), the victim, P.B., is entitled to mandatory restitution, and the PSR should include an assessment regarding restitution. The restitution could include any medical bills accrued, as well as counseling costs directly related to the incident, if any such costs exist. Further, the victim of a crime of violence should be characterized as a victim in the PSR and the PSR should also include a victim impact statement, if she is willing to make one. Lastly, victim P.B. should be allowed to attend any hearings held pertaining to this matter and address the Court at the sentencing of this matter, if she desires to do so, pursuant to Title 18 Section 3771. The defendant shall not have contact, in person, or telephonic, or electronic, or in writing with the victim or her family members.

12.     The defendant shall register as a sex offender prior to his release from confinement. The defendant understands that if he moves from the State of Arizona, he will have to notify the Sheriff of the Arizona county that he moved from and he is required to register and/or update his registration as a sex offender in any state in which he resides. The defendant understands that he is legally required to maintain current his registration as a sex offender in accordance with the time periods required in accordance with the law. During the term of the supervised release, the defendant shall provide his

---

[1] A crime of violence is defined as "(a) an offense that has an element the use, attempted use or threatened use of physical force against the person or property of another; or (b) any other offense that is a felony that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

1  supervising probation officer with verification of his sex offender registration in
2  accordance with state and federal law. Further, during the term of supervised release, the
3  defendant shall undergo sex offender treatment and counseling as directed by the
4  probation department.

5       13.    The defendant understands that if the defendant violates any of the
6  conditions of the defendant's supervised release, the supervised release may be revoked.
7  Upon such revocation, notwithstanding any other provision of this agreement, the
8  defendant may be required to serve a term of imprisonment or the defendant's sentence
9  may otherwise be altered.

10       14.    The defendant and the government agree that this agreement does not in
11  any manner restrict the actions of the government in any other district or bind any other
12  United States Attorney's Office.

13       15.    The defendant understands and agrees to cooperate fully with the United
14  States Probation Office in providing (a) all criminal history information, i.e., all criminal
15  convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e.,
16  present financial assets or liabilities that relate to the ability of the defendant to pay a fine
17  or restitution; (c) all history of drug abuse which would warrant a treatment condition as
18  part of sentencing; and (d) all history of mental illness or conditions which would warrant
19  a treatment condition as part of sentencing.

20       16.    If the Court, after reviewing this plea agreement, concludes any provision is
21  inappropriate, it may reject the plea agreement pursuant to Fed. R. Crim. P. 11(c) (5),
22  giving the defendant, in accordance with Fed. R. Crim. P. 11(d) (2) (A), an opportunity to
23  withdraw his guilty plea.

24                                       Forfeiture

25       17.    Nothing in this plea agreement shall be construed to protect the defendant
26  from civil forfeiture proceedings or prohibit the United States from proceeding with
27  and/or initiating an action for civil forfeiture. Further, this agreement does not preclude
28

1   the United States from instituting any civil proceedings a may be appropriate now or in

2   the future.

3                    <u>Waiver of Defenses and Appeal Rights</u>

4           18.    The defendant waives any and all motions, defenses, probable cause

5   determinations, and objections which the defendant could assert to the information or

6   indictment, or to the petition to revoke, or to the Court's entry of judgment against the

7   defendant and imposition of sentence upon the defendant providing the sentence is

8   consistent with this agreement.  The sentence is in accordance with this agreement if the

9   sentence imposed is within the stipulated range or below the stipulated range if the Court

10  grants a variance. The defendant further waives: (1) any right to appeal the Court's entry

11  of judgment against defendant; (2) any right to appeal the imposition of sentence upon

12  defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any

13  right to appeal the district court's refusal to grant a requested variance; (4) any right to

14  collaterally attack defendant's conviction and sentence under Title 28, United States

15  Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for

16  modification of sentence, including under Title 18, United States Code, Section 3582(c).

17  The defendant acknowledges that this waiver shall result in the dismissal of any appeal or

18  collateral attack the defendant might file challenging his/her conviction or sentence in

19  this case.  If the defendant files a notice of appeal or a habeas petition, notwithstanding

20  this agreement, defendant agrees that this case shall, upon motion of the government, be

21  remanded to the district court to determine whether defendant is in breach of this

22  agreement and, if so, to permit the government to withdraw from the plea agreement.

23          19.    If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by

24  any court in a later proceeding, the government will be free to prosecute the defendant for

25  all charges as to which it has knowledge, and any charges that have been dismissed

26  because of this plea agreement will be automatically reinstated.  In such event, the

27  defendant waives any objections, motions, or defenses based upon the Speedy Trial Act

28

                                    - 6 -

1  or the Sixth Amendment to the Constitution as to the delay occasioned by the later
2  proceedings.

3  <center>Plea Addendum</center>

4      20.    This written plea agreement, and any written addenda filed as attachments
5  to this plea agreement, contain all the terms and conditions of the plea. Any additional
6  agreements, if any such agreements exist, shall be recorded in a separate document and
7  may be filed with the Court under seal. Accordingly, additional agreements, if any, may
8  not be in the public record.

9  <center>WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS</center>

10  <center>Waiver of Rights</center>

11      I have read each of the provisions of the entire plea agreement with the assistance
12  of counsel and understand its provisions. I have discussed the case and my constitutional
13  and other right with my attorney. I understand that by entering my plea of guilty I will be
14  giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and
15  compel the attendance of witnesses; to present evidence in my defense; to remain silent
16  and refuse to be a witness against myself by asserting my privilege against self-
17  incrimination; all with the assistance of counsel; to be presumed innocent until proven
18  guilty beyond a reasonable doubt; and to appeal.

19      I agree to enter my guilty plea as indicated above on the terms and conditions set
20  forth in this agreement.

21      I have been advised by my attorney of the nature of the charge to which I am
22  entering my guilty plea. I have been advised by my attorney of the nature and range of
23  the possible sentence, and that I will not be able to withdraw my guilty plea if I am
24  dissatisfied with the sentence the court imposes.

25      My guilty plea is not the result of force, threats, assurance or promises other than
26  the promises contained in this agreement. I agree to the provisions of this agreement as a
27  voluntary act on my part, rather than at the direction of or because of the recommendation
28  of any other person, and I agree to be bound according to its provisions. I agree that any

<center>- 7 -</center>

1    Sentencing Guidelines range referred to herein or discussed with my attorney is not

2    binding on the Court and is merely an estimate.

3         I agree that this written plea agreement contains all the terms and conditions of my

4    plea and that promises made by anyone (including my attorney) that are not contained

5    within this written plea agreement are without force and effect and are null and void.

6         I am satisfied that my defense attorney has represented me in a competent manner.

7         I am not now on or under the influence of any drug, medication, liquor, or other

8    intoxicant or depressant, which would impair my ability to fully understand the terms and

9    conditions of this plea agreement.

10                    Factual Basis and Relevant Conduct

11        I further agree that the following facts accurately describe my conduct in

12   connection with the offense to which I am pleading guilty and that if this matter were to

13   proceed to trial the government could prove the elements of the offense beyond a

14   reasonable doubt:

15        On or about January 20, 2013 through on or about January 29, 2013, at or near

16   Tucson, in the District of Arizona and elsewhere, I, MARQUES WEST did knowingly
     transport P.B., an individual who had not attained the age of 18 years, by means of a

17   motor vehicle, in interstate commerce from the state of Texas to the State of Arizona with

18   the intent that P.B. engage in commercial sex acts or prostitution. I assisted with the
     renting of motel rooms to harbor P.B. and to use for P.B. to engage in commercial sex

19   acts.   I also assisted in the posting of online advertisements that contained visual

20   depictions of P.B.  Some of these online advertisements were in the "Tucson escorts"
     section of backpage.com with my telephone number listed as the number to contact for

21   P.B.'s "escort services." These advertisements for "escort services" were placed with the

22   intent that P.B. engage in commercial sex acts with those who replied to the
     advertisements. I benefitted financially by receiving money from participation in a

23   venture that had recruited, enticed, harbored transported, and provided P.B., knowing that

24   she would be caused to engage in commercial sex acts.

25    4-17-14                      Marques West

26    Date                         MARQUES WEST
                                   Defendant

27              DEFENSE ATTORNEY'S APPROVAL

28

                                    - 8 -

1    I have discussed this case and the plea agreement with my client in detail and have
2    advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the
3    constitutional and other rights of an accused, the factual basis for and the nature of the
4    offense to which the guilty plea will be entered, possible defenses, and the consequences
5    of the guilty plea, including the defendant's waiver the right to appeal.  No assurances,
6    promises, or representations have been given to me or to the defendant by the
7    government or by any of its representatives which are not contained in this written
8    agreement.  I concur in the entry of the plea as indicated above and on the terms and
9    conditions set forth in this agreement as in the best interests of my client.  I agree to make
10   a bona fide effort to ensure that the guilty plea is entered in accordance with all the
11   requirements of Rule 11, Fed. R. Crim. P.

13
14   4/17/14
     Date                                        JANET ALTSCHULER
15                                               Attorney for Defendant

16                           GOVERNMENT'S APPROVAL

17       I have reviewed this matter and the plea agreement. I agree on behalf of the United
18   States that the terms and conditions set forth are appropriate and are in the best interests
19   of justice.

                                                 JOHN S. LEONARDO
20                                               United States Attorney
                                                 District of Arizona
21

22   4|17|2014
23   Date

                                                 Assistant U.S. Attorney
24