Janet Altschuler, PC
Attorney at Law
4711 North First Avenue
Tucson, Arizona 85718
(520) 247-1789
fax (502) 247 1789
AZ Bar No. 014310
j.altschuler06@comcast.net

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs,<br><br>MARQUES WEST,<br>        Defendant. | Docket No. 4:13-cr-01493-CKJ-1<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

COMES NOW, Defendant, Marques West, by and through his attorney, Janet Altschuler, hereby submits the following sentencing memorandum so the court may consider all factors in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directions set forth in 18 U.S. C. 3553(a).

1. THE COURT IS NOT BOUND BY THE SENTENCING GUIDELINES.

Over the past several years, the Supreme Court has given judges the power to impose sentences that are not greater than necessary to satisfy the statutory purposes of sentencing, to consider all of the characteristics of the offender and circumstances of the offense, to reject advisory guidelines that are not based on national sentencing data and empirical research, and to serve their function in the construction evolution of responsible guidelines. See *United States v. Booker*, 543 U. S. 220 (2005; *Rita v. United States*, 127 S. Ct. 2456 (2007); *Gall v. United States*, 128 S. Ct. 586 (2007); *Kimbrough v. United States*, 128 S. Ct 558 (2007). The Sentencing Guidelines are merely one of the facts to be considered in crafting an appropriate sentence in a case pursuant to 18 U. S. C. A. § 3553(a).

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient,

but not greater than necessary, to comply with the purposes set forth in paragraph 2. Section 3553(a) (2) which states that such purposes are:

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B) to afford adequate deterrence to criminal conduct;

  ( C) to protect the public from further crimes of the defendant; and

  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, §3553(a) further directs sentencing courts to consider the following factors:

 1) " the nature and circumstances of the offense and the history and characteristics of the defendant" (§ 3553)(a)(3);

 2) "the kinds of sentences available" (§ 3553(a)(3);

 3) "the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct" (§ 3553(a)(6); and

 4) "the need to provide restitution to any victims of the offense." (3553(a)(7).

Under 18 U. S. C. § 3661, " no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

The statutory language overrides the now advisory policy states in Part H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing, a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. See U.S.S.G § 5H1.

The directives of *Booker* and § 3553(a) make clear that courts may not longer uncritically apply the guidelines. Such an approach would be "inconsistent with the holdings of the merits of the majority in *Booker*, rejecting mandatory guidelines sentences based on judicial fact-finding, and the remedial majority in *Booker*, directing courts to consider all of the § 3353(a) factors, many of which the guidelines either reject or ignore." *United States v. Ranum*, 353 F. Supp. 2d 984, 985-86 (E.D. Wisc. Jan 19 2005).

In sum, in every case, a sentencing court must now consider all of the § 3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing. Where the guidelines conflict with other sentencing factors set forth in § 3553(a), the statutory sentencing factors should generally trump the guidelines. See *United States v. Denardi*, 892 F. 2d 269, 272-77 (3rd Cir. 1989). In *Rita v. United States*, 127 S. Ct 2456 (2007), which involved a sentence within the guidelines range, the Court held that when the sentencing court's decision accords with the Sentencing Commissions's recommendation, a court of appeals may presume it was reasonable. However, while holding that it is permissible for an appellate court to apply a presumption of reasonableness to a sentence if it falls within the sentencing guideline range, the Court emphasized that the presumption applies only upon appellate review. *Id* at 2465. Moreover, even upon appellate review, the Court states, the presumption of reasonableness accorded a guidelines sentence is not binding. *Id*. At 2463. A guideline sentence only " reflects a rough approximation of a sentence that might achieve § 3553 (a)'s objectives. : *Id* at 2465. The Court noted that, as a matter of process, " a sentencing court will normally begin by considering the pre-sentence report and its interpretation of the Guidelines." *Id*. at 2465. The court may then hear arguments by the parties that the guideline range should or should not apply. However, the Court stated, " In determining the merits of these arguments, the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply. " *Id*.

II. The Case.

Two people were charged in the case, Mr. West and Ms. Campaign Wells. Ms. Wells plea agreement was vastly different than Mr. West's. Her plea contained a stipulated sentencing range of 37-51 months. It is important to know the roles in the offenses in the indictment are substantially similar with Ms. Wells being the only one of the two charged with possession and distribution of child pornography. Despite engaging in the same conduct, the two have very different plea offers.

III. Marques West.

Marques West is a 30 year old man who came from an impoverished and violent background. Marques grew up with an older sister and two younger brothers. His father was not around. The family lived in a housing project in Chicago, Indiana. Marques describes it as being filled with drugs, guns and violence. His family relied on public assistance. While there was enough to eat and shelter, life in the projects was

scary. What was scarier still was that no one seemed to care. When Marques missed school, no one mentioned it. When Marques, as a young teenager, used drugs and appeared under the influence to the adults around him, no one said anything. It was just the way it was-desolate.

Life inside the home was violent. Marques describes being disciplined as a young child by being beaten. Life inside and outside the home was desolate. As he grew, Marques stopped going to school. He began to use drugs too. His regular use began at age 14. Marques wants to enter drug treatment. He has never had any such treatment.

He did, however, see an ad for Job Corps and entered the program. Marques successfully finished the program but he was unable to find a job in his local area. The nearest jobs were an hour or two drive away and he did not have any means of transportation.

At age 22, Marques left to live with an Aunt in Phoenix, AZ for better opportunities. He did indeed begin working at a grocery store and attended Phoenix Community College for a semester.  His plans to improve himself were derailed when a Child Protective Services worker contacted his child's mother. Marques was forced to leave work for this and as a result was terminated from his job. The CPS case took many hours to resolve. Marques did not have any time to continue school. He felt the rug had been pulled out from under him again and his efforts to improve his lot in life were futile.

In evaluating an appropriate sentence for Marques West it is important to consider that a lengthy prison sentence may not be necessary to achieve just punishment, to prevent further crime, or provide rehabilitation in the most effective manner. Certainly, a course of substance abuse counseling would help in rehabilitation and prevent future crime upon release. The same is true for educational and vocational training. If everyone could have steady decently paid employment, few would have any motivation or time to commit any criminal offense.

Upon release from prison, Marques West will have sex offender requirements placed upon him. His risk to the community, if any, will be greatly reduced by this kind of monitoring.

RESPECTFULLY SUBMITTED this 16th day of June, 2014.

JANET ALTSCHULER, PC
*s/Janet Altschuler*
Janet Altschuler
Attorney for Marques West

Copy of the foregoing submitted electronically this 16th day of June, 2014, to:

Arturo A. Aguilar, Assistant United States Attorney
Karen E. Rolley, Assistant United States Attorney
United States Attorney
District of Arizona
405 West Congress, Suite 4800
Tucson, Arizona 85701